## OPER v. NORTH DADE GENERAL HOSPITAL.
### No. 66-C-2460.
Circuit Court, Dade County.

September 13, 1966.

Jepeway & Gassen, Miami, for plaintiff.

Koeppel & Klein, Miami, for defendant.

HENRY L. BALABAN, Circuit Judge.

*Final decree:* This cause is before the court for final adjudication, and having read all the pleadings and the numerous depositions of testimony, and having heard argument of counsel for the parties, the court being advised in the premises is of the conviction that the final decree of May 4, 1966 should be reaffirmed and reinstated as the final ruling and decree of the court in this case. The following appears conclusively from the record —

That the young, sincere plaintiff doctor, during his second year of practice in Florida (June, 1962) opened up his own office in Opa Locka, Florida, and procured a corporation to be formed under the name of "North Dade Medical Clinic." In November of the same year, he registered himself under the fictitious name statute as "North Dade Medical Center." All of this was at the outset of his practice when he operated alone in an office of 200 square feet of space.

The plaintiff prospered and employed two or three associates and expanded into his present quarters in a single-story building

of 1,500 square feet, which prominently displays signs reading "North Dade Medical Center."

Under the evidence, the "medical center" houses the private-practice offices and attendant treatment and examining rooms of three or four physicians, including the plaintiff. At best, it might be termed a medical clinic.

Assuredly, it is not a hospital; nor is it in any sense of the term a "medical center." It may well be that plaintiff intends to build a small hospital in the future for "overnight" patients, but it is clear that even this building, if constructed, would fall far short of "medical center" proportions. There is satisfactory proof before the court that the plans for the new structure are in being and are being prosecuted to reality.

The defendant is located in North Dade County and is a general hospital, and has been such for several years. Formerly known as the "Cloverleaf Hospital," it voluntarily changed its name on January 3, 1966, to its present name of "North Dade General Hospital." It does not provide office facilities for private practice doctors; it does not advertise nor hold itself out as a clinic; it does not attempt to use the name "medical center."

There is some little confusion that has resulted with the assumption of the new name by the defendant; however, there is no *great* confusion which results to the public by reason of the existence of a hospital and a "medical center" in the same general area of the county, as charged by the plaintiff. A hospital is a necessary part of a true medical center; but a hospital itself cannot properly be called a medical center without many additional facilities, departments and undertakings.

The court finds that plaintiff has failed to sustain the burden of proof to a degree which would entitle him to the relief herein sought against the defendant but it is obvious that the defendant could have avoided the controversy by adoption of a name other than the one it presently operates under.

The court notes that the defendant has voluntarily dismissed its counterclaim against the plaintiff.

There is no evidentiary basis for the recovery of damages claimed by the plaintiff.

Accordingly it is ordered, adjudged and decreed that the equities are found and deemed to be with and in favor of the defendant. It is further ordered, adjudged and decreed that the complaint, and this action, are dismissed with prejudice and each party shall bear its own costs.